## Duffield *against* Morris.

After several devises and bequests, testator proceeded as follows: "All the residue and remainder of my estate, of every description and wherever found, I order and direct to be divided into twenty-two shares, and divided as follows, to wit: S. M. four shares, &c.;" then naming thirteen others, and giving each a different number of shares, the aggregate amounting to but twenty shares. *Held*, that the remaining two shares were undisposed of by the will, and did not pass to the legatees named.

ERROR to the Common Pleas of *Chester* county.
The case is stated in the opinion of the court. It was argued by

*Meredith*, for the plaintiff in error, and
*Lewis* and *Dillingham*, contra.

The opinion of the Court was delivered by

KENNEDY, J.—This was an amicable action in case, instituted by agreement of the parties in the court below, for the purpose of settling the question, whether two equal twenty-second parts of the residuum of the estate of the defendant's testator, the whole residuum being divided into twenty-two equal parts, did not remain undisposed of by the will of said testator. That part of the will which has given rise to this question is in the following words: "And all the residue and remainder of my estate, of every description and wherever found, I order and direct to be divided into twenty-two shares, and divided as follows, to wit: Samuel Morris four shares; Dr Morris Shallcross four shares; Morris Jackson one share; Hannah M'Caully one share, to be secured as her legacy hereinbefore mentioned; Joseph Shallcross one share, to be secured as his legacy hereinbefore mentioned; Margaret Carter one share; Alice Jackson, Jun., one share; Catharine Maxwell one share; Amelia Jackson one share; Eliza Wood one share; Hannah Jackson one share; Maria Duffield one share; Sabilla Kennedy and Alice Ann Robinson each one share." Notwithstanding I think it must be conceded that the testator, from the language employed by him, intended to dispose of the whole of the residue of his estate, yet it appears to me pretty clear that he has not done so in such terms as will enable us to pronounce, with the least degree of certainty, how he intended it should be. In order to apportion the distribution of it with certainty among those, as we must suppose, to whom he intended giving it, he first orders and directs it to be divided into *twenty-two shares*, meaning, of course, *equal* shares, in language free from all ambiguity and that cannot possibly be mistaken, and next to be "*divided*," that is, "*distributed*" (for the word "divided," in this part of the

[Duffield v. Morris.]

clause, will admit of no other meaning), as follows, to wit: Samuel Morris four shares (necessarily and most clearly meaning four shares of the *twenty-two* shares first mentioned), and so continues to name others above mentioned, annexing one or more shares to their names respectively, as he has done to that of Samuel Morris, until he, in that way, disposes of *twenty* of the *twenty-two* shares, thus leaving, as it appears to my mind most clearly, *two* shares of the twenty-two, into which he directed that the residue of his estate should be divided, undisposed of.

Now, it must be observed that the question here is not whether he intended to dispose of the whole residue of his estate; it is, has he done so? And if he has, the next question is, to whom has he given it? As to twenty shares of the twenty-two into which he directed it to be divided, he has given them to certain persons, by name and in certain proportions, so clearly and distinctly expressed that it cannot be misunderstood, so as to afford the least colour of ground for increasing or diminishing the same, in either number, quantity or quality. Suppose he had stopped after giving Samuel Morris and Dr Morris Shallcross each their four shares, without disposing of or saying a word about the remaining fourteen shares of the twenty-two into which he directed that the whole residue of his estate should be divided, could it be said, or even pretended, with the least degree of plausibility, that the testator thereby intended to give the twenty-two shares, or the whole of the residue of his estate, to them? Such a conclusion, as it appears to me, would be most perfectly fanciful, and wholly unwarranted by the terms of the will. But he has stopped after giving twenty shares of the twenty-two, and why must not the conclusion be the same in either case? for it is clear that the principle of construction must be the same. Twenty shares can with no more propriety be said to include the whole, that is, the twenty-two, than eight. If a testator fails to use language or terms suited to show, with some degree of reasonable certainty, the disposition which he wishes, by will, to make of his estate after he is gone, courts cannot undertake to make out by conjecture what it may have been; they must ascertain this from the terms of the will itself, by looking throughout and into every part of it for that purpose; and if the intention of the testator in this respect cannot be discovered by so doing, with certainty, at least, I would say, to a common intent, the will must be regarded as ineffectual to the extent to which his intention cannot be ascertained with such certainty. We conceive it utterly impossible, in this case, to say how or to whom the testator intended to give the two shares not mentioned in the distribution clause in regard to the residuum of his estate, and therefore are necessarily brought to the conclusion that they remain undisposed of by his will.

Judgment reversed, and judgment for the plaintiff.