Rodman v. Rodman

---

JAMES RODMAN v. CAM H. RODMAN AND JOHN C. RODMAN, ADMINISTRATORS C.T.A. OF THE ESTATE OF MISS OLZIE RODMAN; ELEANOR R. MAY; CAMILLA W. MOORE; BETH RODMAN; DIANE RODMAN; ELLEN RODMAN, MINOR; JOHN C. RODMAN, INDIVIDUALLY; DOUG RODMAN, MINOR; JOHN RODMAN, NEPHEW OF MISS OLZIE RODMAN; OWEN ROD-MAN; CLARK RODMAN; CAM H. RODMAN, INDIVIDUALLY; ORAL ROBERTS, EVANGELIST; SALVATION ARMY IN WASHINGTON, NORTH CAROLINA; BEAUFORT COUNTY HUMANE SOCIETY; THE HUMANE SOCIETY OF THE UNITED STATES, AND MRS. SALLIE BROWN

No. 742SC64

(Filed 1 May 1974)

**Wills § 52— residuary clause — disposition of one-fourth of estate**
        Provision in the testatrix' will that "all the rest and residue of my estate . . . I give, devise, and bequeath as follows: Twenty-five

per cent to be divided equally among" six named beneficiaries was a clear and explicit disposition of one-fourth of testatrix' residuary estate, and there was no testamentary disposition of the remaining three-fourths of the estate.

APPEAL by plaintiff and by defendant Roberts from *Fountain, Judge,* 6 August 1973 Session of Superior Court held in BEAUFORT County.

Action under the Declaratory Judgment Act for construction of the Will of Miss Olzie Rodman, who died on 17 January 1972 leaving an attested Will which has been duly admitted to probate. By Item Two of the Will, the testatrix devised and bequeathed all of her property to her mother, who predeceased her. Items Three and Four of the Will are as follows:

"ITEM THREE: If my mother, Mrs. John C. Rodman, Sr., should predecease me, then and in that event I give and bequeath all of my personal things such as furniture, books, pictures, china, silver to my following named nieces and nephews: Beth Rodman, Diane Rodman, Ellen Rodman, John Rodman, Cam Rodman and Doug Rodman, to be theirs, share and share alike, except that if one of my brothers, namely, John Rodman, Owen Rodman, Clark Rodman and Cam Rodman should desire some of these family items, that they shall have the right to select for themselves respectively such items as they desire.

"ITEM FOUR: All the rest and residue of my estate, real, personal and mixed, and conditioned on my said mother, Mrs. John C. Rodman, Sr., predeceasing me, I give, devise, and bequeath as follows:

"TWENTY-FIVE PER cent to be divided equally among Oral Roberts, Evangelist, Tulsa, Oklahoma, for his work in the salvation of souls; the Salvation Army in Washington, North Carolina, to be used for the needy colored citizens of our city; the Beaufort County Humane Society of Washington, North Carolina, to be used by Robert A. (Buck) Andrews, if living, of Rosedale, Washington, North Carolina, Dog Catcher of the Humane Society, to help relieve the suffering of the stray and mistreated dogs in Beaufort and surrounding counties; The Humane Society of the U. S., 1145 - 19th St., NW, Washington, D. C., to be used to help eliminate the overbreeding of dogs; Mrs. Sallie Brown,

411 Gladden St., Washington, North Carolina, and Mr. James Rodman, Route 1, Box 97-B, Bath, N. Car."

The Will contains no other dispositive provisions, the remaining items merely providing for a funeral, payment of debts, and the naming of an executor. There was evidence that the plaintiff, James Rodman, did occasional yard work at the residence of the testatrix, and that Sallie Brown was employed in the residence of the testatrix as a cook.

The trial court, sitting without a jury, found as a fact:

"That it was the intention of the testatrix that twenty-five percent of her residuary estate be divided into six equal parts and that Oral Roberts, the Beaufort County Humane Society, The Humane Society of the U. S., the Salvation Army in Washington, N. C., Sallie Brown and James Rodman should each receive one part, that is to say, that each of the foregoing named persons and organizations would receive a 1/24th part of testatrix's residuary estate, and that the remaining 75% of the residuary estate is vested in the heirs at law of the testatrix as specified in Chapter 29 of the General Statutes of North Carolina."

From judgment that each of the six parties named in Item Four of the Will is entitled to a 1/24th part of the residuary estate of Olzie Rodman and that the remaining 75% of her residuary estate is vested in her heirs at law as specified in G.S., Chap. 29, the plaintiff, James Rodman, and the defendant, Oral Roberts, appealed.

*Turner & Harrison by Fred W. Harrison for plaintiff appellant, James Rodman.*

*White, Allen, Hooten & Hines by Thomas J. White III, for defendant appellant, Oral Roberts.*

*Rodman, Rodman & Archie by Edward N. Rodman for defendant appellees.*

PARKER, Judge.

Appellants contend that the trial judge erred in his interpretation of Item Four of the Will and urge upon us either of two alternative constructions: first, that the Beaufort County Humane Society and The Humane Society of the U. S. be grouped together as one class, that Sallie Brown and James

Rodman, the former domestic servants, be grouped together as another class, and that these two classes be considered with Oral Roberts and the Salvation Army, each being taken separately, to reduce the number of separate groups or classes named in Item Four from six to four, thereby permitting the transfer of 25% of the entire residuary estate to each; second, and in the alternative, that the words "twenty-five percent," as they appear in Item Four be treated "as a mathematical or grammatical error on the part of the testatrix," and that effect be given to the remaining language in Item Four by determining that each of the six beneficiaries named therein be entitled to a one-sixth of the entire residuary estate. Either construction urged by appellants requires a degree of redrafting of the Will which is not the proper function of the courts to perform.

The plain fact is that the testatrix, by clear and explicit language, disposed of twenty-five percent of her residuary estate and then failed to make any testamentary disposition whatever of the remaining seventy-five percent. This was the finding of the able trial judge and with that finding we are in full accord. G.S. 31-42, cited by appellants, is not applicable. There was no lapse of any bequest; there was simply no bequest as to seventy-five percent of the residuary estate. Testatrix made it clear she wanted twenty-five percent of her residuary estate "to be divided equally among" six named beneficiaries. She never said what she wanted done with the remaining seventy-five percent.

While each case involving interpretation of a Will must necessarily depend upon its own particular facts, our determination here finds support in the reasoning of the following cases, which have been cited in appellees' brief: *Duffield v. Morris,* 8 W. & S. 348 (Pa. 1845); *In re Watkins Estate,* 166 N.Y. Supp. 2d 855; *Todd v. St. Mary's Church,* 45 R.I. 282, 120 A. 577.

Affirmed.

Chief Judge BROCK and Judge BALEY concur.